PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:25-CR-00204–7 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| NICHOLAS CALVERT, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |

The Court considers Defendant's alleged violations of the terms of his pretrial release. The Court held a bond revocation hearing on November 4, 2024. Minutes of Proceedings [Non-Document] 11/4/2025. Defendant's Appearance Bond (ECF No. 85) is hereby revoked for the reasons herein. Defendant shall remain detained pending resolution of this criminal case.

### I. BACKGROUND

On May 1, 2025, a federal grand jury in the Northern District of Ohio returned a multi-defendant indictment for various narcotics and firearms offenses.[1] ECF No. 1. Among the nineteen persons indicted is Defendant Nicholas Calvert, who was arrested and released on pretrial supervision under a $20,000.00 unsecured bond—mandating, *inter alia*, drug testing and substance abuse treatment—on May 14, 2025. ECF No. 85. Defendant completed inpatient treatment at Community Assessment and Treatment Services (CATS) on July 11, 2025. ECF No. 231. He relapsed in early September, twice testing positive for cocaine. ECF

---

[1] *See United States v. Brantley, et al.*, Case No. 1:25-Cr-00204 (N.D. Ohio filed May 1, 2025).

(1:25–CR–00204–14)

No. 231.  After missing multiple therapy sessions, he was expelled from outpatient substance abuse treatment at Riveon Mental Health and Recovery.  ECF No. 232.  Defendant also failed to communicate with Pretrial Services and did not respond to his officer's phone calls and text messages.  ECF No. 232.  Pretrial Services sought and obtained a warrant from the Court on September 19, 2025 for these violations and Defendant was arrested the following day, during a traffic stop.  ECF No. 233.  A bond revocation hearing was held on November 4, 2025 at 3:00 PM in Youngstown, Ohio.  Minutes of Proceedings [Non-Document] 11/4/2025.  Defendant's criminal trial commences on March 9, 2026.  ECF Nos. 181, 224.

## II. LEGAL STANDARD

A criminal defendant who violates a condition of supervised pretrial release "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court" under 18 U.S.C. § 3148(a).  See Warren v. United States, No. 21–1145, 2021 WL 9182947 (6th Cir. 2021).  District courts analyze pretrial violations under § 3148 rather than § 3142.[2]  See United States v. Gotti, 794 F.2d 773, 778 (2d Cir. 1986) (citing United States v. McKethan, 602 F. Supp. 719, 722 (D.D.C. 1985) (concluding that § 3142 and § 3148 provide "quite different" procedures for detention before trial).  A court order resolving a violation of supervised release requires a two-step analysis under § 3148(b):

(1) Whether there has been a violation of a condition of supervised release.  See § 3148(b)(1).
(2) If yes, whether the subsequent revocation of pretrial release is appropriate.  See § 3148(b)(2).

Revocation of pretrial release is mandatory only if, after a hearing, a court concludes— under step one—that there is: (a) probable cause to believe that the defendant has committed a

---

[2] Section 3142 governs only initial pretrial detention orders, wherein a court determines whether a defendant will be (a) detained until trial or (b) released under pretrial supervision.  Conversely, § 3148 takes effect only after issuance of an initial pretrial release order, and only when a defendant violates a condition of supervised release.

2

(1:25–CR–00204–14)

federal, state, or local crime while on release; *or* (b) clear and convincing evidence that the defendant has violated any other condition of release; *and* the court further concludes—under step two—that: (a) there is no condition or combination of conditions of release that will ensure that the defendant will not flee or pose a danger to the safety of any other person or the community;[3] *or* (b) the defendant is unlikely to abide by any condition or combination of conditions of release. *See* § 3148(b)(1)–(2).

### III. ANALYSIS

**A. Defendant violated the mandatory terms of pretrial release.**

Guided by § 3148(b), the Court applies step one and finds, by clear and convincing evidence, that Defendant violated the mandatory conditions of his pretrial release by: (1) twice testing positive for cocaine; (2) failing to complete outpatient substance abuse treatment; and (3) failing to submit to Pretrial Services supervision. Release Status Report, ECF No, 231 at PageID ##: 854–55. The Pretrial Violation Reports dated September 17, 2025 (ECF No. 231), September 19, 2025 (ECF No. 232), and October 31, 2025 (ECF No. 251) constitute requisite evidence of these violations under § 3148(b)(1)(B).

**B. Defendant is unlikely to comply with reinstated terms of pretrial release.**

Guided by § 3148(b), the Court applies step two and finds that revocation of pretrial release is warranted because Defendant is unlikely "to abide by any condition or combination of conditions of release." § 3148(b)(1)(B). The Sixth Circuit recognizes the Court's broad discretion to make this determination, *see United States v. Nero*, 854 F. App'x. 14, 18 (6th Cir. 2021), and will not disturb it unless clearly erroneous. *See United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985).

---

[3] Based on the factors set forth in § 3142(g).

3

(1:25–CR–00204–14)

First, Mr. Calvert was ordered to not use or unlawfully possess any narcotics or controlled substances (as defined in 21 U.S.C. § 802) unless prescribed by a licensed medical practitioner.  ECF No. 86.  Since his release from in-patient drug treatment, however, he has tested positive for cocaine on September 13, 2025 and September 11, 2025.  ECF No. 251.  He is unlikely to avoid continued narcotics abuse if pretrial release is reinstated.

Second, Defendant was ordered to complete substance abuse and mental health treatment.  ECF No. 86  Although he successfully finished inpatient treatment in July 2025, he has subsequently been expelled from outpatient treatment for non-compliance.[4]  ECF No. 251.  He is unlikely to successfully complete or comply with additional substance abuse treatment if pretrial release is reinstated.

Third, Defendant was ordered to submit to the supervision of Pretrial Services, yet has been consistently non-communicative.  ECF No. 86.  On September 18, 2025, Pretrial Services sent Defendant a text message requesting that he call his Pretrial Services supervisor.  ECF No. 251.  Pretrial Services confirmed—*via* read notification—that Defendant received the message, but Defendant neither responded nor called back as directed.  ECF No. 251.  He, again, ignored and failed to return a phone call from Pretrial Services on September 19, 2025.  ECF No. 251.  He is unlikely to submit to the supervision of Pretrial Services if pretrial release is reinstated.

Finally, although Defendant is neither likely to flee, his use of cocaine perpetuates a danger to the community.  He claims to be actively employed and insured through his father's

---

[4] On September 19, 2025, Pretrial Services learned from Riveon Health that Mr. Calvert missed two consecutive intensive outpatient sessions, stopped returning calls, provided no medical documentation for his claimed illness, and had shown limited and sporadic participation, prompting a recommendation for higher-risk treatment.

(1:25–CR–00204–14)

business, but this has not been confirmed and is contradicted by his seeking new trades opportunities in Cleveland.  ECF No. 251.  Pretrial Services repeatedly tried to contact Defendant's father for confirmation of Defendant's employment-related claims, but all attempts have been unsuccessful.  ECF No. 251  When Pretrial Services visited Defendant's home on September 11, his father was not present.  ECF No. 251.  It appears, therefore, that Defendant does not have reliable community support.  Combined with his violations, this instability makes it unlikely that Defendant can comply with the Court's orders if pretrial release is reinstated.

### IV. CONCLUSION

Defendant's Appearance Bond (ECF No. 85) is hereby revoked.  Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to a representative of the United States Marshals Service for the purpose of an appearance for a Court proceeding.

IT IS SO ORDERED.

| | |
|---|---|
| November 5, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

5